IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR-05-17-BLG-SPW |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| vs. | |
| SAMUEL R. BONKO, | |
| Defendant. | |

## I. Synopsis

The United States accused Mr. Bonko of violating the conditions of his

supervised release by (1) failing to report for substance abuse testing, (2) failing to

report for substance abuse treatment on June 29, 2017, (3) failing to complete sex

offender treatment, (4) failing to report to his probation officer as directed, (5)

failing to follow the instructions of his probation officer, and (6) failing to reside in

a place approved by his probation officer. He admitted to allegations 1, 2, and 4.

The United States put on evidence on allegation 3, and the Court determined that

he committed the violation. The United States did not put on evidence of

allegations 5 and 6. Mr. Bonko's supervised release should be revoked. He should

be sentenced to four months in custody, with forty-nine months of supervised

release to follow.

## II. Status

United States District Judge Richard Cebull sentenced Mr. Bonko to 108 months in custody, with sixty months of supervised release to follow on February 15, 2006, after he pleaded guilty to Aggravated Sexual Abuse. (Doc. 32.) He began his first term of supervised release on April 19, 2013.

United States District Judge Donald Molloy revoked Mr. Bonko's supervised release on May 22, 2013, because he associated with another felon and failed to notify his probation officer of a change in his address. (Doc. 43.) Judge Molloy sentenced him to two months in custody, with fifty-eight months of supervised release to follow. (*Id.*)

United States District Judge Susan Watters revoked Mr. Bonko's supervised release on September 29, 2016, because he used methamphetamine and failed to comply with sex offender treatment. (Doc. 54.) Judge Watters sentenced him to four months in custody, with fifty-four months of supervised release to follow. (*Id.*)

Judge Watters revoked Mr. Bonko's supervised release again on March 30, 2017, because he used methamphetamine, failed to comply with substance abuse testing, and failed to comply with sex offender treatment. (Doc. 65.) Judge Watters

sentenced him to time served, with fifty-three months of supervised release to follow. (*Id.*)

**Petition**

The United States Probation Office filed a Petition for Warrant for Offender Under Supervision on July 27, 2017 alleging that Mr. Bonko violated the conditions of his supervised release by (1) failing to report for substance abuse testing, (2) failing to report for substance abuse treatment on June 29, 2017, (3) failing to complete sex offender treatment, (4) failing to report to his probation officer as directed, (5) failing to follow the instructions of his probation officer, and (6) failing to reside in a place approved by his probation officer. (Doc. 67.) Based on the petition, Judge Watters issued a warrant for Mr. Bonko's arrest. (Doc. 68.)

**Initial appearance**

Mr. Bonko appeared before the undersigned on August 9, 2017, in Great Falls, Montana. Federal Defender Hank Branom accompanied him at the initial appearance. Assistant United States Attorney Jared Cobell represented the United States.

Mr. Bonko said he had read the petition and understood the allegations. He waived the preliminary hearing, and the parties consented to proceed with the

revocation hearing before the undersigned.

**Revocation hearing**

Mr. Bonko admitted to allegations 1, 2, 4,and 5 but denied the denied the remaining allegations. The United States produced a termination letter from Mr. Bonko's sex offender treatment provider showing the he had been terminated from treatment. The Court therefore found that Mr. Bonko committed allegation 3. The United States did not put on evidence of the remaining allegations. The admitted and proven violations are serious and warrant revocation of Mr. Bonko's supervised release.

Mr. Bonko's violation grade is Grade C, his criminal history category is I, and his underlying offense is a Class A felony. He could be incarcerated for up to sixty months. He could be ordered to remain on supervised release for up to life, less any custody time imposed. The United States Sentencing Guidelines call for three to nine months in custody.

Mr. Branom recommend a sentence of time served, with supervised release to follow. Mr. Bonko exercised his right of allocution and stated that he recognizes that he is causing problems for his probation officer, and that he is currently supporting his wife, kids, and father. Mr. Cobell recommended a sentence of four months in custody, with supervised release to follow.

### III.  Analysis

Mr. Bonko's supervised release should be revoked. He should be sentenced to four months in custody, with forty-nine months of supervised release to follow. This sentence would be sufficient given the seriousness of the violations but would not be greater than necessary.

### IV.  Conclusion

Mr. Bonko was advised that the above sentence would be recommended to Judge Watters. The Court reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance.  The undersigned explained that Judge Watters would consider his objection, if it is filed within the allotted time, before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The undersigned **FINDS:**

> Samuel R. Bonko violated the conditions of his supervised release by (1) failing to report for substance abuse testing, (2) failing to report for substance abuse treatment on June 29, 2017, and (3) failing to complete sex offender treatment.

The undersigned **RECOMMENDS:**

> The District Court should revoke Mr. Bonko's supervised release and sentence him to four months in custody, with forty-nine months of supervised release to follow.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

DATED this 17th day of August 2017.

John Johnston
United States Magistrate Judge